UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      CASE NO. 3:13-cv-676-J-34JBT

MISTY G. RITCHIE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment ("Motion") (Doc. 9). The Motion requests a default judgment in the amount of $11,031.71 plus prejudgment interest from the Motion filing date of July 30, 2013 to the date of entry of judgment. (Doc. 9 at 2.) On August 23, 2013, this Court took the Motion under advisement and ordered Plaintiff to show the basis for its entitlement to attorneys' fees. (Doc. 10 at 2.) Plaintiff has done so. (*See* Doc. 11 at 3.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be **GRANTED** and that judgment be entered in favor of Plaintiff and against Defendant in the amount stated in the Motion.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

**I.     Background**

Plaintiff filed this lawsuit on June 11, 2013, seeking to collect the amount Defendant owes on a defaulted student loan, plus attorneys' fees and costs. (Doc. 1.) Exhibit A to Plaintiff's Complaint is a Certificate of Indebtedness from a loan analyst at the Department of Education. The exhibit states in part:

> On or about 10/13/99, the borrower [Defendant] executed master promissory note(s) to secure loan(s) (hereafter "loan") from the U.S. Department of Education. This loan was disbursed for $2,151.00, $2,665.00 and $1,775.00 on 10/26/99, 03/09/00, 09/15/03, 10/13/03 and 01/20/04 at a variable rate of interest to be established annually. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 09/10/05.

(Doc. 1-1 at 1.) Plaintiff's Complaint states that Defendant owed a total amount of $9,485.50 as of the date that the Complaint was filed and that "[p]rejudgment interest accrues at the variable rate of 4.21% per annum or $0.78 per day." (Doc. 1 at 2.)

Plaintiff's Motion updates the amount of interest owed to account for the time between the filing of the Complaint and the filing of the Motion, raising the amount Defendant owes by $116.21. (*See* Doc. 9 at 2.) The Motion also requests $1,430.00 in attorneys' fees and costs. Plaintiff's Motion therefore seeks a default judgment for a total of $11,031.71, plus prejudgment interest from the date of the Motion to the date judgment is entered (and thereafter applicable post-judgment

interest).[2]

Initially, Plaintiff failed to show entitlement to attorneys' fees. The Complaint did not allege that Plaintiff was entitled to attorneys' fees and its prayer for judgment asked only for "attorneys' fees to the extent allowed by law." (Doc. 1 at 2.) The Motion likewise failed to establish a basis for the fee award. Plaintiff remedied this defect, however, by filing a copy of the promissory note that created the debt. (*See* Doc. 11.) The promissory note states that Defendant agrees to pay "reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees" if she "fail[s] to make any payment on any loan made under this Note when due." (Doc. 11 at 3.)

Plaintiff served the Complaint upon Defendant on July 2, 2013. (Doc. 6.) Defendant has not appeared. The Clerk of Court entered default against Defendant on July 26, 2013. (Doc. 8.) Plaintiff filed the instant Motion on July 30, 2013 and served it on Defendant, via mail, the same day. (Doc. 9.)

II. **Motion for Default Judgment**

A. **Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default

---

[2] A proposed Default Final Judgment as of July 30, 2013, is attached to the Motion. (Doc. 9 at 10–11.)

against the defendant. *See* Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Costr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not

binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  See Fed. R. Civ. P. 8(a).  A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555.  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth."  *Iqbal*, 556 U.S. at 664 & 678.  Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered.  See *Nishimatsu*, 515 F.2d at 1206.

Finally, when a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must comply with Section 521 of the

Servicemembers Civil Relief Act, which requires, *inter alia*, the filing of an affidavit by the plaintiff:

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. App'x § 521(b)(1).

### B. Discussion

Upon review of the Complaint, the Motion, and other relevant filings, the undersigned recommends that a default judgment be entered. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345, which provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." (*See* Doc. 1 at 1.) Further, the Complaint adequately states a claim for which relief may be granted. The Complaint alleges that Defendant breached a promissory note under which the United States Department of Education extended Defendant student loans. (*Id.* at 2.) The Complaint, attached exhibits, and Plaintiff's supplemental filings (*see* Doc. 11) substantiate the judgment Plaintiff requests.

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per

6

curiam); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). Here, the judgment Plaintiff seeks is capable of mathematical calculation. Plaintiff seeks judgment in the amount of $11,031.71 plus interest at $0.78 per day from the date of filing of the Motion up to the date of entry of judgment. (*see* Doc. 9.) A hearing on damages is therefore not required.

Finally, Plaintiff has satisfied the requirements of the Servicemembers Civil Relief Act and Federal Rule of Civil Procedure 55(b). Plaintiff attached an affidavit to its Motion for Clerk's Default, stating that Defendant is not in military service and that Plaintiff ascertained this information by consulting the Defense Manpower Data Center website. (*See* Doc. 7 at 4–5.) Plaintiff attached an affidavit to the instant Motion stating that Defendant is neither an infant nor an incompetent person. (Doc. 9 at 8.)

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 9** ) be **GRANTED**.
2. The Clerk of Court be directed to:

    a. Enter judgment in favor of Plaintiff and against Defendant in the sum of $11,031.71 plus $0.78 per day from July 30, 2013 to the date of entry of Judgment.

    b. Terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 19, 2013.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

*Pro se* Defendant